# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| John Thomas Lewis, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16cv639 (CMH/TCB) |
| | ) | |
| Karen Brown, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

John Thomas Lewis, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of the revocation of his parole by the Virginia Parole Board. By Order dated August 23, 2016, respondent was directed to show cause why the writ should not be granted. Dkt. No. 4. After having been granted an extension of time to file, respondent filed an Answer and Motion to Dismiss, along with a supporting memorandum. Dkt. Nos. 12-14. Petitioner was also granted an extension of time to file, after which he filed a response. Dkt. No. 23. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed.

### I. Background

The record reflects the following. While on parole, petitioner was charged with the crimes of malicious wounding and abduction. Record No. 150237. The Virginia Parole Board ("Board") issued an arrest warrant for petitioner and he was eventually found to have violated his parole. Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was denied on October 29, 2015. Id. The Supreme Court of Virginia stated the facts as follows.

> Petitioner was released on parole on March 19, 2009. Petitioner was arrested and charged with new crimes in December 2011. The Board learned of petitioner's new charges in January 2012 and, accordingly, issued a warrant for petitioner's

arrest. On February 8, 2012, the warrant was served on petitioner. ... Pursuant to the Board's policy, petitioner's revocation proceedings were stayed pending resolution of his criminal charges.

Petitioner's convictions for malicious wounding and abduction became final on December 17, 2013. Several days later, the Board scheduled petitioner's revocation hearing for March 4, 2014, at Pamunkey Regional Jail ("Pamunkey") and attempted to serve petitioner with notice of the hearing. However, due to misinformation regarding where petitioner was incarcerated, petitioner never received the notice and his revocation hearing was rescheduled several times.

Eventually, the Board located petitioner and informed him on May 30, 2014, that his revocation hearing was scheduled for June 3, 2014. Petitioner refused to appear for the June 3 hearing, and the Board revoked petitioner's parole due to his new convictions.

The Board then determined it was unclear whether petitioner received timely notice of the June 3 revocation hearing and, accordingly, scheduled a new revocation hearing for June 19, 2015. Petitioner was notified of that hearing on May 15, 2015, but refused to appear. At the hearing, the Board again revoked petitioner's parole due to his new convictions.

Id. Petitioner filed the instant petition on May 24, 2016, in which he challenges the revocation of his parole. Petitioner's arguments are difficult to follow, however, it appears as though he claims that he was denied his due process rights because (1) he was not granted a preliminary hearing as required by law, (2) the revocation hearing was unreasonably delayed beyond the time period allowed by law, (3) the Board did not provide the minimum requirements of due process during his revocation hearing, (4) the Board colluded with prosecutors to keep him incarcerated, and (5) the revocation of his parole occurred when he was no longer on parole.[1] See. Dkt. Nos. 1, 23.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's

---

[1] To the extent petitioner is arguing that the revocation of his parole violated any state laws or procedures of the Virginia Parole Board, those claims are not cognizable in a federal habeas petition. See 28 U.S.C.A. § 2254 ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; a federal court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). A federal court reviewing a habeas petition "presume[s]

the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

The right to due process attaches at two different stages of the parole revocation process. Morrissey v. Brewer, 408 U.S. 471, 485 (1972). First

> due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. Such an inquiry should be seen as in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions.

Id. (citations omitted). In addition, "the determination that reasonable ground exists for revocation of parole should be made by someone not directly involved in the case" and

> the parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged. At the hearing the parolee may appear and speak in his own behalf; he may bring letters, documents, or individuals who can give relevant information to the hearing officer. On request of the parolee, person who has given adverse information on which parole revocation is to be based is to be made available for questioning in his presence. However, if the hearing officer determines that an informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination. The hearing officer shall have the duty of making a summary, or digest, of what occurs at the hearing in terms of the responses of the parolee and the substance of the documents or evidence given in support of parole revocation and of the parolee's position.

Id. at 486–87.

> Second, at the parole revocation hearing, due process requires
>
> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present

4

witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 489.

### A. Claim One

Petitioner's first claim is that his right to due process was denied because he was never given a preliminary hearing. The Supreme Court of Virginia dismissed this claim because "'[t]he absence of a preliminary hearing to determine temporary detention is irrelevant after a full evidentiary hearing has been conducted to determine whether probation or parole should be revoked.'" Record No. 150237 (alteration in original) (quoting Howie v. Commonwealth, 222 Va. 625, 631 (1981)). The state habeas court also held that "due process does not require a preliminary hearing when, as here, 'a probationer or parolee is convicted of another crime.'" Id.

There is no need for a preliminary hearing as stated in Morrissey when the parolee, as is the case here, has been

> convicted of and incarcerated on a subsequent offense .... This is so both because the subsequent conviction obviously gives the parole authority probable cause or reasonable ground to believe that the parolee has committed acts that would constitute a violation of parole conditions, and because issuance of the warrant does not immediately deprive the parolee of liberty.

Moody v. Daggett, 429 U.S. 78, 86 n.7 (1976). In addition, petitioner was granted a full revocation hearing in which he was found guilty. See United States v. Companion, 545 F.2d 308, 313 (2d Cir. 1976) (denying habeas relief where no preliminary hearing occurred, but a full revocation hearing occurred, because "[t]o order appellant's release from custody at this time would be to grant an extreme remedy for a deprivation from which appellant is no longer suffering"). Therefore, the state habeas court's decision that petitioner's right to due process was not violated because he did not receive a preliminary hearing is neither contrary to, nor an

unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claim One will be dismissed.

## B. Claim Two

Petitioner's second claim is that his right to due process was violated because the parole revocation hearing was not held within a reasonable amount of time after the arrest warrant from the Board was executed. Specifically, petitioner states that the arrest warrant was executed in February 2012 and the parole revocation hearing did not occur until June 2014, 27 months later, which resulted in petitioner not being released on bail and petitioner loosing "a key witness," petitioner's grandmother, although he provides no further details. Finally, petitioner argues that the parole revocation hearing should have occurred within 90 days of the execution of the arrest warrant.

The Supreme Court of Virginia dismissed this claim because

> [p]etitioner ... has failed to articulate any prejudice to his ability to defend against the allegation that he violated parole. Indeed, because petitioner's alleged violation was based solely on his failure to obey the law, any delay in holding the revocation hearing could not have prejudiced his defense, because the violation is established by the criminal conviction. Although petitioner summarily suggests he might have better prepared to defend against his criminal charges had his pending parole revocation not prevented him from obtaining bail, petitioner fails to establish he would have been granted bail on his charges of attempted malicious wounding and abduction, and petitioner has not articulated what exculpatory evidence or information he was prevented from unearthing.

Record No. 150237 (internal quotation marks and citation omitted).

As to petitioner's argument that the parole revocation hearing should have occurred within 90 days of the execution of the Board's arrest warrant, he appears to be relying on 18 U.S.C. § 4214(c), which is inapposite as it only applies to federal prisoners.[2] Rather, due process

---

[2] 18 U.S.C. §§ 4210, et seq. was repealed in 1984, but remains in effect for thirty-one years after November 1, 1987.

provides that "[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." Morrissey, 408 U.S. at 488. In addition, "the delay, taking into consideration all the circumstances, must be unreasonable; it must also be prejudicial." Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975). "[I]t has been the uniform rule that the execution of the warrant may be held in abeyance awaiting the outcome of pending criminal charges against the parolee, where, as here, such charges are the basis for the warrant and any delay thereby occasioned will be deemed reasonable." Id. at 674. Petitioner has not established that he was prejudiced in any way due to the delay in his revocation hearing and the delay was reasonable because the Board held the hearing in abeyance pending the outcome of petitioner's criminal charges.

Moreover, "in holding that 'the revocation hearing must be tendered within a reasonable time after the parolee is taken into custody,' [the Supreme Court] established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation." Moody, 429 U.S. at 87 (quoting Morrissey, 408 U.S. at 488) (alteration omitted). Here, petitioner was in custody as of January2012 pursuant to the new charges of malicious wounding and abduction, not because of his parole violation as petitioner argues. Accordingly, the fact that the Board waited until June 2014 to hold a revocation hearing, and then held a second hearing in June 2015, does not implicate petitioner's right to due process because, despite his arguments to the contrary, he was not being held in custody because of the arrest warrant executed by the Board, but rather, because he was charged with, an then convicted of, malicious wounding and abduction. Therefore, the state habeas court's decision is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claim Two will be dismissed.

### C. Claim Three

Petitioner's third claim is that the Board did not provide the minimum requirements of due process during his revocation hearing; however, petitioner does not make any specific allegations of how his right to due process was violated during the hearing, except to suggest that no revocation hearing was held.

The Supreme Court of Virginia dismissed the claim as moot, stating that "[t]he record, including [the Chairman of the Board's] affidavit, the notice provided to petitioner regarding his June 19, 2015 revocation hearing, and the letter advising petitioner of the outcome of that hearing, demonstrates that the Board held a second revocation hearing, which petitioner refused to attend. The Board gave petitioner written notice of the hearing, which petitioner refused to sign." Record No. 150237.

Petitioner has made no allegations that the due process rights afforded to him during the revocation hearing were denied. Therefore, the state habeas court's decision is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claim Three will be dismissed.

### D. Claim Four

Petitioner's fourth claim is that the Board colluded with the prosecutors to keep him incarcerated. The Supreme Court of Virginia dismissed this claim as "conclusional," stating that the claim "does not appear to challenge the legality of petitioner's parole revocation and, therefore, will not support the issuance of a writ." Record No. 150237.

The record establishes that petitioner was detained pursuant to an arrest warrant for malicious wounding and abduction, and that he was found guilty of these crimes. Accordingly, the record contradicts petitioner's completely unsupported allegations that the Board warrant was issued only to keep him detained on unfounded charges. Therefore, the state habeas court's

decision is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claim Four will be dismissed.

### E. Claim Five

Petitioner's last claim is that his parole revocation was illegal because it occurred after his parole expired, and therefore, the Board no longer had jurisdiction over him. Specifically, petitioner appears to be arguing that, as soon as he was in custody pursuant to the Board's warrant, he was serving time pursuant to his parole, and so by the time the revocation hearing occurred, his time under parole passed.

The Supreme Court of Virginia dismissed this claim, finding that "[t]he Board retained jurisdiction to adjudicate petitioner's alleged violation despite that his planned minimum release date from parole passed." Record No. 150237. To the extent petitioner relies on 18 U.S.C. §§ 4210, et seq. and the case law interpreting that statute, as previously stated, those arguments are inapposite because petitioner is not a federal prisoner. Therefore, the issue of whether the Board retained jurisdiction over petitioner is a question of state law, and is not cognizable in a § 2254 petition. See 28 U.S.C. § 2254. Accordingly, Claim Five will be dismissed.

### IV. Pending Motions

In his petition, petitioner asks for an evidentiary hearing. Dkt. No. 1. Because the state habeas court decided petitioner's claims on the merits, an evidentiary hearing is not appropriate in this matter. Cullen v. Pinholster, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Accordingly, this motion will be denied.

In addition, filed a Motion to Vacate Order and Deny Respondent's Motion for Extension of Time. Dkt. No. 11. Construed liberally, this will be taken as a Motion for Default Judgment.

Granting default judgment is not appropriate in habeas corpus petitions. Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("A default judgment is not contemplated in habeas corpus cases.") (citing United States ex rel. Mattox v. Scott, 507 F.2d 919 (7th Cir.1974); Allen v. Perini, 424 F.2d 134 (6th Cir.1970)). Accordingly, petitioner's motion will be dismissed.

## V. Conclusion

Petitioner's Claim Five is dismissed as not cognizable in a § 2254 petition. As to Claims One through Four, nothing in the state court record indicates that the state habeas court's decisions were contrary to or an unreasonable application of existing federal law and Supreme Court precedent. There is also nothing in the record to indicate that the decisions rest upon an unreasonable finding of fact. Accordingly, this petition will be dismissed, with prejudice, by an Order to be issued with this Memorandum Opinion. Finally, petitioner's Motion for Evidentiary Hearing and Motion for Default Judgment will be denied.

Entered this _28th_ day of _April_ 2017.

_Claude M. Hilton_
United States District Judge

Alexandria, Virginia